Carter A. CHAMBERLAIN, Appellant,

v.

Jean Travis WITTS, Appellee.

Nos. 05–84–01228–CV, 05–84–01284–CV.

Court of Appeals of Texas,
Dallas.

July 23, 1985.

Rehearing Denied Aug. 19, 1985.

Elizabeth Zervopoulas, Carrington, Coleman, Sloman, & Blumenthal, Dallas, for appellant.

Frank Finn, Thompson & Knight, Dallas, for appellee.

Before CARVER, GUILLOT and DEVANY, JJ.

GUILLOT, Justice.

This is a consolidated appeal of two dismissal orders from Probate Court No. 2 of Dallas County. For the reasons below, we affirm one order and reverse and remand the other.

The genesis of the two probate cases on appeal was the probating of the will of Salome Travis as a muniment of title on September 6, 1978. By the will, Mrs. Travis devised to her daughter, Jean Witts, her home in Dallas and to the other daughter, Amy Lee Chamberlain, "property equal to the value of my home." The remainder was to be divided equally between the two

sisters. For clarity's sake, the daughters will be referred to by their given names.

Amy Lee and Jean were appointed independent executrixes of their mother's will but because it was admitted to probate as a muniment of title, neither Amy Lee nor Jean qualified as executrix or in any other capacity to act under the will.

In 1982 Amy Lee died and her will was probated in her domiciliary state, Michigan. Carter Chamberlain, Amy Lee's surviving husband, qualified under her will as executor. In September 1984, Amy Lee's will was filed, recorded, and admitted to probate in Dallas pursuant to TEX.PROB. CODE ANN. § 95(d)(1). Thereafter, Carter Chamberlain (Chamberlain), as personal representative of Amy Lee's estate, filed two suits. The first one was filed under the cause number in Salome Travis' estate; the second under the cause number of Amy Lee's estate. In both suits Chamberlain alleged that Jean knew the amount and whereabouts of the assets of the estate of Salome Travis and failed to account for those assets. The judge of Probate Court No. 2 dismissed both suits on the grounds that the suit filed in Salome Travis' estate was not incident to her estate and the suit filed in Amy Lee's estate was not incident to her estate.

Chamberlain contends that the judge of Probate Court No. 2 erred in dismissing both suits because they are incident to the estate in which each was filed. Jean counters that the judge was correct because neither suit is incident to any estate. With respect to Salome Travis' cause number, she argues that the will of Salome Travis was admitted to probate as a muniment of title and, therefore, no estate is pending or being administered. With respect to Amy Lee's cause number, Jean argues that the probate of Amy Lee's will is pending in Michigan and not in Texas and, therefore, there is no probate proceeding pending to which the suit can be incident.

 The pivotal issue in this appeal is: What are matters "incident to an estate"? The Texas Supreme Court has answered that question. Probate courts' jurisdiction

over matters incident to an estate is limited to matters in which the controlling issue is the settlement, partition, or distribution of an estate. *Seay v. Hall*, 677 S.W.2d 19, 23 (Tex.1984). Another way of stating the proposition of *Seay v. Hall* is to say that an action incident to an estate is one in which the outcome will have direct bearing on assimilating, collecting, or distributing the decedent's estate. *English v. Cobb*, 593 S.W.2d 674, 676 (Tex.1979); *Pullen v. Swanson*, 667 S.W.2d 359, 362 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Stated in still another way, matters incident to an estate are those in which the outcome of the controversy must be necessary to the resolution of the particular estate. *Farah v. Fashing*, 666 S.W.2d 341, 342 (Tex.App.—El Paso 1984, no writ).

 It is clear, then, that Chamberlain's suit in Salome Travis' cause number is not incident to Salome Travis' estate. There was no necessity for administration, and there is no estate pending that needs to be assimilated, collected, or distributed. (The will was probated as a muniment of title.) Hence, because there is no probate proceeding pending in Salome Travis' cause number, the resolution of the controversy between Chamberlain and Jean is not necessary to the resolution of Salome Travis' estate. *Cf. Pullen*, 667 S.W.2d at 363. Indeed, the assets for which Chamberlain seeks an accounting must belong to the estate in which he files his suit. *See Lucik v. Taylor*, 596 S.W.2d 514, 516 (Tex.1980). We hold that Probate Court No. 2 properly dismissed Chamberlain's accounting suit for lack of jurisdiction in Salome Travis' estate.

The suit for accounting filed in Amy Lee's estate is, however, a different matter. The outcome of that suit was necessary to the resolution of Amy Lee's estate because Chamberlain could hardly assimilate, collect, and distribute the assets of that estate without an accounting from Jean as to the assets Amy Lee and Jean received under their mother's will. The controlling issue in the suit is to ascertain what, if anything, is coming to Amy Lee's estate from Jean. Thus, the controlling issue is the settlement of Amy Lee's estate and, thus, the suit was incident to Amy Lee's estate. *Seay*, 677 S.W.2d at 19.

This conclusion is buttressed by the fact that an executor under a Texas will could file a similar suit in probate court to assimilate or settle assets of that estate and we know of no reason and are cited no cases that hold an executor under a foreign will probated in Texas should not be treated with the same dignity and enjoy the same privileges. Consequently, we hold that an executor under a foreign will probated in Texas may file suit in that estate for an accounting in probate court and that Probate Court No. 2 erred in dismissing the suit for want of jurisdiction.

The costs in cause number 05–84–01284–CV are taxed against Jean Travis Witts. The costs in cause number 05–84–01228–CV are taxed against Carter A. Chamberlain.