**Pauletta PEARSON, Guardian of the Person and Estate of Ernest Ramos, an Incompetent, Appellant,**

v.

**K-MART CORPORATION, Appellee.**

**No. 01-87-01128-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1988.

Rehearing Denied Aug. 25, 1988.

Thomas E. Dixon III, Tracey D. Conwell, Caddel & Conwell, Houston, for appellant.

Monty Stevens, Dudley, Dudley & Windle, El Paso, for appellee.

Before JACK SMITH, COHEN, and BISSETT,* JJ.

## OPINION

BISSETT, Justice (Assigned).

This an appeal from the trial court's order dismissing the action because of a lack of subject matter jurisdiction. Pauletta Pearson, appellant, hereafter "Pearson," is the guardian of the person and estate of Ernest Ramos. Ramos was rendered incompetent when a steel rolling gate fell from its tracks and struck him in the head at a K–Mart store in El Paso. Pearson filed suit on August 31, 1987 for damages as a result of the physical and mental injuries that Ramos sustained. Suit was filed in Probate Court No. 3, Harris County, Texas, where Ramos' guardianship proceeding was pending. Appellee K–Mart Corporation, hereafter "K–Mart," contended that the probate court was without subject matter jurisdiction, and that the proper jurisdiction for unliquidated tort claims was in the district court. The probate court agreed and dismissed the action on November 17, 1987.

Pearson brings two points of error; she contends that the probate court erred in dismissing the suit because: (1) the legislature has expressly granted probate courts jurisdiction over all cases brought by personal representatives; and (2) the probate court is the only proper forum because the suit appertains to the guardianship.

Tex.Prob.Code Ann. § 5(c) (Vernon Supp. 1988) provides that, in the counties with statutory probate courts, all applications, petitions and motions regarding probate, administrations, guardianships, limited guardianships, and mental illness matters shall be filed and heard in such courts and the constitutional county court, rather than in the district courts, "unless otherwise provided by the legislature." All courts with original probate jurisdiction have the

power to hear "all matters incident to an estate." Tex.Prob.Code Ann. § 5(d) (Vernon 1980).

The Probate Code defines "matters appertaining and incident to an estate" as:

the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.

Tex.Prob.Code Ann. § 5A (b) (Vernon Supp. 1988).

Section 5A (b) from its original enactment, effective August 27, 1979, to the present, has provided that, in situations where the jurisdiction of the statutory probate court is concurrent with that of a district court, any cause of action appertaining or incident to an estate "shall be brought in a statutory probate court rather than the district court." In 1985, the legislature *amended* section 5A (b) by adding the following sentence: "In actions by or against a personal representative, ... the statutory probate courts have concurrent jurisdiction with the district courts." Ch. 713, sec. 3, 1979 Tex. Gen. Laws 1741, *amended by* ch. 875, sec. 1, 1985 Tex. Gen. Laws 2995. The legislature stated that the Act is "remedial," and it would apply "to all cases filed under Section 5A(b), Texas Probate Code, on or after January 1, 1973." *Id.*

Pearson contends that the legislature amended the statute to overrule the Texas Supreme Court's holding in *Seay v. Hall*, 677 S.W.2d 19 (Tex. 1984). We agree.

In *Seay*, the court held that state district courts, rather than statutory probate

---

* Assigned to this case by the Chief Justice of the Supreme Court pursuant to Tex.Gov't Code Ann.

§ 74.003 (Vernon 1988).

courts, have jurisdiction over survival and wrongful death actions because such actions are not "appertaining to estates and incident to an estate," "matters relating to the settlement, partition, and distribution of estates," or "claims by or against an estate." The supreme court added that the "appertaining to" and "incident to" language was unquestionably designed to limit probate court jurisdiction to matters in which the "controlling issue" was the settlement, partition, or distribution of an estate. *Id.* at 23. The court also concluded that wrongful death and survival actions did not constitute "claims" due to the estate because claims are debts, and debts are ascertainable, liquidated obligations owed to the estate.

After *Seay* was decided, the legislative amendment to section 5A (b) was passed. The supreme court again addressed the issue of jurisdiction in *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630 (Tex. 1986) (op. withdrawn). Although this opinion was withdrawn by agreement of the parties and has no precedential value, both parties in the instant appeal refer to the decision in their briefs. In *Yowell,* a wrongful death and survival case, the supreme court addressed an award of damages for mental anguish that was recovered in the district court. The accident occurred on February 2, 1977; trial commenced on December 13, 1982. The party on appeal argued that the decedent's mental anguish was a matter incident to an estate, and therefore, within the exclusive jurisdiction of the probate court. *Id.* at 634. The court of appeals agreed, but that court's opinion (June 28, 1984) was before the *Seay* case was decided. The supreme court restated its holding in *Seay,* and found that the "district court was the proper forum to try survival actions." *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d at 634. In a footnote, the court noted that the legislature amended section 5A (b) to add the additional sentence, but stated "[t]he district court is still a proper forum for survival actions under this amendment." *Id.* at 634 n. 1.

Pearson interprets the footnote to mean that the district court is still a proper forum, but it is not the only proper forum.

Under the amendment to section 5A (b), Pearson argues that the probate courts now have concurrent jurisdiction with the district courts in tort actions. K–Mart argues that *Yowell* reaffirms the *Seay v. Hall* case. It urges that the footnote should be interpreted to mean that the district court is still the only proper forum, even after the amendment.

In reviewing the legislative history of House Bill 479, which amended section 5A (b), it is readily apparent that the purpose of the bill was to overrule *Seay v. Hall.* Representative Brad Wright, testifying before the House Committee on Judicial Affairs, stated that "House Bill 479 is designed to deal with the decision of the Texas Supreme Court in *Seay v. Hall.*" In discussing the *Seay* case, he asserted that "the Supreme Court has taken the words 'appertaining to or incident to an estate' and construed them in such a way that they have negated the intent of the legislature and the clear meaning of the statute."

Representative Wright concluded that the amendment would allow the statutory probate court to hear all matters that relate to an estate or decedent's estate or guardianship. He further stated:

> If, for instance, a guardianship is established, and the ward has a cause of action for an injury sustained, perhaps even the injury that created the need for the guardianship, that cause of action could be handled in the statutory probate court. If the decedent had a cause of action relating to the accident which was the cause of his death, that could be handled in the statutory probate court. We are simply trying to go back, and in effect say to the Supreme Court—we meant what we said and we really mean it. . . . And so we are back with the blessing of the Supreme Court, and as far as I know, with the opposition of none of them, saying again this is what was intended in Section 5A of the Probate Code—to give concurrent jurisdiction.

House Bill 479 passed on the consent calendar in the House. Probate Judge Pat

Gregory, presiding judge of the statutory probate courts of Texas, testified in favor of the bill before the Senate Committee on Jurisprudence. He stated that the purpose of the amendment was to "clarify" the dictum in *Seay v. Hall* regarding probate court jurisdiction of unliquidated claims, attorney's fees, and other fees or unliquidated claims.

Frank Ikard, then chairman-elect of the real estate, probate, and trust law section of the State Bar of Texas, originally intended to testify against the legislation, but then testified in favor of it. He testified that he had no opposition to the bill and understood that the intent of the bill was to permit the statutory probate court to have concurrent jurisdiction with that of the district court.

The legislative intent behind House Bill 479 indicates that section 5A (b) of the Probate Code was amended to allow the personal representative bringing a cause of action on behalf of the estate to elect between the probate court or the district court for any cause of action, liquidated or unliquidated, contract or tort. Therefore, the probate court erred in dismissing Pearson's cause of action for personal injuries of the ward because of a lack of subject matter jurisdiction.

In the instant case, the action is brought by the personal representative of the guardianship estate. It is not a wrongful death or survival action. The action was properly brought in the probate court. *See King v. Acker*, 725 S.W.2d 750, 757 (Tex. App.—Houston [1st Dist.] 1987, no writ). Pearson's first point of error is sustained.

Because we reverse the judgment of the trial court as a result of our sustaining the first point of error, it is not necessary that we dispose of the second point of error.

The dismissal order is reversed, and the cause is remanded to the probate court for trial.