**Robert E. BRUFLAT, Independent Executor of the Estate of John F. Mueller, Deceased, Appellant,**

v.

**Anita RODEHEAVER, in her Capacity as County Clerk of Harris County, Texas, Appellee.**

No. 01–91–00878–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 28, 1992.

Mike Driscoll, County Atty., Leona M. Franklin, Asst. County Atty., Houston, for appellee.

John W. Wiggins, Sr., Houston, for appellant.

Before DUGGAN, O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant, Robert E. Bruflat (Bruflat), appeals from the trial court's order of dismissal of his cause of action against appellee, Anita Rodeheaver (Rodeheaver).

On November 11, 1990, Bruflat, through an agent, attempted to file a family settlement agreement in the Harris County real property records. The Harris County Clerk refused to file the agreement because it did not reflect that any real property owned by the estate was located in Harris County, and because the apostille did not emanate from the German consulate as required under the Hague convention and TEX.PROP.CODE ANN. § 11.002(c)(3) (Vernon Supp.1992).

On January 31, 1991, Bruflat filed a petition for writ of mandamus, seeking an order requiring Rodeheaver, in her capacity as County Clerk of Harris County, to file in the Harris County real property records a family settlement agreement entered into by the beneficiaries of the will of John F. Mueller. On March 26, 1991, Bruflat filed a motion for summary judgment. On May 6, 1991, Rodeheaver filed a response to Bruflat's motion for summary judgment and a plea to the jurisdiction. The plea asserted that the probate court did not have jurisdiction because: 1) the filing of an instrument in the real property record is not an action by a personal representative in his capacity as a personal representative; 2) the proceeding is not incident to an estate; and 3) summary judgment was not appropriate.

On July 26, 1991, the trial court signed an order dismissing Bruflat's cause of action for want of jurisdiction. The trial court found that the issue of whether a document should be filed in the real property records was not incident to an estate pursuant to section 5A(b) of the Texas Probate Code, and that the trial court lacked jurisdiction pursuant to sections 5A(c), (d), and (e) of the Texas Probate Code.

In his sole point of error, Bruflat contends the trial court improperly dismissed his petition for writ of mandamus because

the trial court had subject matter jurisdiction of his action. Specifically, Bruflat asserts that the probate court has jurisdiction to hear his cause of action pursuant to TEX.PROB.CODE ANN. §§ 5(d), 5(e), 5A(c) (Vernon Supp.1992).

Sections 5(d) and 5(e) provide:

(d) A statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as a personal representative.

(e) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.

TEX.PROB.CODE ANN. §§ 5(d), 5(e) (Vernon Supp.1992).

Sections 5A(b), 5A(c), and 5A(e) provide:

(b) In proceedings in the statutory probate courts and district courts, the phrase "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any guardianship, heirship proceeding, or decedent's estate, including estates administered by an independent executor.

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:

(1) by or against a person in the person's capacity as a personal representative.

. . . .

(e) Subsections (c) and (d) apply whether or not the matter is appertaining to or incident to an estate.

TEX.PROB.CODE ANN. §§ 5A(b), 5A(c), 5A(e) (Vernon Supp.1992).

Rodeheaver does not assert that the probate court lacks authority to issue a writ of mandamus. Rodeheaver asserted and the trial court found that it did not have jurisdiction of Bruflat's petition to mandamus Rodeheaver to file a document in the real property records of Harris County. The issue on appeal is not whether the family agreement should have been filed by Rodeheaver. Rather, the issue is whether a statutory probate court has jurisdiction to order the Harris County Clerk to file a document in the real property records. Bruflat asserts that the probate court had jurisdiction to issue the writ of mandamus pursuant to the above-quoted probate sections.

Was The Issue Of Whether A Document Should Be Filed In The Real Property Records "Incident To Or Appertaining To An Estate?"

Bruflat contends that the trial court had jurisdiction to issue the writ because the matter before it was incident to or appertaining to John F. Mueller's estate. We disagree.

The statutory language, "incident to or appertaining to an estate" limits a probate court's jurisdiction to matters in which the *controlling issue* concerns matters relating to the settlement, partition, or distribution of an estate. *Seay v. Hall*, 677 S.W.2d 19, 22 (Tex.1984); *Carlisle v. Bennett*, 801 S.W.2d 589, 591 (Tex.App.—Corpus Christi 1990, no writ). The section 5A(b) language, "and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons," does not grant authority to the probate courts to hear matters other than those in which the controlling issue is the settlement, partition, or distribution of an estate. *Seay*, 677 S.W.2d at 23. For a probate court to obtain jurisdiction of a matter under section 5(e), the outcome of the controversy must be necessary to the resolution of the particular estate. *Inter-*

*first Bank—Houston v. Quintana Petroleum, Corp.,* 699 S.W.2d 864, 873 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ Here, the *controlling issue* does not concern matters relating to the settlement, partition, or distribution of John Mueller's estate. The controlling issue is whether the probate court should issue a writ of mandamus ordering the Harris County Clerk to file a family settlement agreement in the Harris County Real Property Records. This issue is indirectly related to the settlement, partition, and distribution of John Mueller's estate. The issue is not whether the family settlement agreement is proper or enforceable, or how the estate is to be distributed, partitioned, or settled in the family settlement agreement. John Mueller's will has been probated. Bruflat has filed an inventory, appraisement, and list of claims. The issue is whether Bruflat complied with the applicable statutes governing the filing of documents in the real property records, so that Rodeheaver should have filed the document in the real property records.

The issue of whether this document should be filed in the real property records is *not necessary* to the resolution of John Mueller's estate. The outcome of the action against Rodeheaver will not affect the family settlement agreement. The outcome will not affect the settlement, partition, or distribution of the estate. The outcome of this action will only determine whether Rodeheaver must file the document at this time or at a later time, when Bruflat complies with all the statutory provisions governing filing in the real property records.

Was The Suit Brought By Bruflat In His Capacity As Personal Representative?

■ By granting jurisdiction to probate courts to hear all "actions by or against a personal representative, in the person's capacity as a personal representative," the legislature did not intend to expand probate jurisdiction to matters other than those in which the controlling issue was the settlement, partition, or distribution of an estate. *Qwest Microwave, Inc. v. Bedard,* 756

S.W.2d 426, 436 (Tex.App.—Dallas 1988, no writ). The legislative intent in granting jurisdiction to probate courts to hear actions by or against a personal representative in the person's capacity as a personal representative was to clarify that probate courts could hear unliquidated claims incident to an estate, and was not to enable probate courts to hear any claim of any nature when the personal representative is a party. *Id.; see Pearson v. K–Mart Corp.,* 755 S.W.2d 217 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Bruflat contends we should follow *Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980), and find that his mandamus action was "incident to" Mueller's estate. In *Lucik,* the deceased's widow filed an application in the probate court seeking to enjoin certain persons from " 'changing the form or location of any assets in their possession constituting a part of the estate of John Richard Lucik, Deceased, and contestant herein, and from using, disposing of, changing the form or location of any of the assets of the Deceased.' " *Id.* at 515. The court, in holding that the probate court possessed jurisdiction because the suit was "incident to an estate," stated that:

> [T]he protection from dissipation or transfer of the potential assets of the estate of Lucik directly bears on the ultimate collection and distribution of such properties pursuant to his effective will. As such, the injunctive relief related to a matter "incident to an estate" and was within the injunctive powers of the Probate Court of Dallas County.

*Id.* at 516.

We find the case at bar distinguishable from *Lucik.* Here, there is no protection sought to prevent someone from dissipating or transferring the potential assets of an estate. Here, the mandamus action seeks only to have the probate court order the Harris County Clerk to file a certain document in the real property records. It does not concern the merits, enforceability, or the terms of the settlement agreement. The mandamus action deals only with the question of whether Bruflat has complied

with the statutes governing the filing of documents in the real property records.

Bruflat's sole point of error is overruled.

The judgment is affirmed.