William **PALMER**, as Independent Administrator of the Estate of Booney M. Moore, Deceased, et al., Petitioners,

v.

The **COBLE WALL TRUST COMPANY, INC.**, and Elwood Cluck, Respondents.

No. D–1971.

Supreme Court of Texas.

Oct. 28, 1992.

Rehearing Overruled Jan. 20, 1993.

Thomas C. Hall, San Antonio, for petitioners.

Tony L. Schaffer, Barry A. McClenahan, San Antonio, for respondents.

OPINION

GONZALEZ, Justice.

This case addresses the scope of a statutory probate court's jurisdiction under § 5A(b) of the Texas Probate Code as it existed in 1985.[1] William Palmer, the independent administrator of an estate, brought this suit in statutory probate court against Coble Wall Trust Company, Inc., the estate's former temporary administrator, and Elwood Cluck, president of Coble Wall. The suit alleged negligence, gross negligence, and violations of the DTPA,[2] which included breach of fiduciary duty and misrepresentations of the estate plan's characteristics. Based on favorable jury findings for the plaintiff, the probate court rendered judgment for Palmer. The court of appeals reversed and rendered for Coble Wall and Cluck on the basis that the probate court lacked subject matter jurisdiction over the suit. 848 S.W.2d 696. Because the probate court did not exceed its subject matter jurisdiction, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of the unaddressed points of error.

### I.

In April 1985, the statutory probate court appointed Coble Wall as guardian of the estate of Booney M. Moore, an adjudicated incompetent. In November 1985, Cluck, an attorney and the sole stockholder and president of Coble Wall, applied for an order to authorize the establishment of an administrative plan for Moore's estate. The probate court issued an order approving the estate plan, and Moore's properties were then either sold or conveyed to her beneficiaries, pledged as collateral for bonds, or converted into various types of corporate shares. The probate court subsequently approved an order that Coble Wall be paid the greater of either $75,000 or 10% of the reduction in federal taxes achieved by the plan, plus 5% of the gross

1. Act of June 13, 1979, 66th Leg., R.S., ch. 713, § 3, 1979 Tex.Gen.Laws 1740; *amended by* Act of June 15, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex.Gen.Laws 2995; *amended by* Act of June 17, 1987, 70th Leg., R.S., ch. 459, § 1, 1987 Tex.Gen.Laws 2044; *amended by* Act of June 16, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen.Laws 4163–64.

2. Tex.Bus. & Com.Code § 17.41–.93.

value of various property and stocks when sold.

Upon Moore's death in December 1985, Coble Wall was appointed temporary administrator of the estate with the power to complete the previously approved estate plan. Coble Wall continued as temporary administrator until March 1986, when the probate court removed it and appointed Palmer as independent administrator of Moore's estate.

In 1987, Palmer filed suit against Coble Wall and Cluck in the probate court alleging the aforementioned causes of action. Palmer also alleged that the estate plan had been ineffective, exorbitant, and needlessly complex, all of which forced the estate to pay useless and excessive fees. The jury found that Coble Wall and Cluck were guilty of negligence, gross negligence, breach of fiduciary duties, and breach of the DTPA; the jury also found that Coble Wall was the alter ego of Cluck. Based upon these findings, the probate court rendered judgment for Palmer and awarded damages of $1,757,600 against Coble Wall and $1,757,600 against Cluck.

## II.

■ Texas Probate Code § 5A(b) sets forth the subject matter jurisdiction of statutory probate courts.[3] The court of appeals determined that the 1985 version of

---

**3.** Texas probate jurisdiction is, to say the least, somewhat complex. The Probate Code vests general probate jurisdiction in the constitutional county courts. Tex.Prob.Code § 4 (1980). The Government Code, however, extends probate jurisdiction to the statutory county courts as follows:

> (d) Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.
> (e) In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.

Tex.Gov't Code § 25.0003 (Supp.1992). Thus, a statutory county court has concurrent probate jurisdiction, unless there is also in that county a "statutory probate court." In the latter case, only the statutory probate court exercises probate jurisdiction concurrent with the constitutional county court. See Tex.Gov't Code § 25.-0021 (1988). A "statutory probate court" is defined as:

> [A]ny statutory court ... the jurisdiction of which is limited by statute to the general jurisdiction of a probate court, and such courts whose statutorily designated name contains the word "probate." County courts at law exercising probate jurisdiction are not statutory probate courts under this Code unless their statutorily designated name includes the word "probate."

Tex.Prob.Code § 3(ii) (1980).

A statutory probate court is not considered to be a statutory county court, except in Brazoria County. Tex.Gov't Code § 21.009(2) (Supp.1992). However, there are statutory courts in two other counties designated as "Probate and County" courts which exercise both probate and county court at law jurisdiction. Tex.Gov't Code § 25.-0171(a) (Supp.1992) (Bexar); § 25.0861(b) (Supp.1992) (Galveston).

To further complicate matters, the district courts exercise some probate jurisdiction. The Probate Code provides that "[t]he district court shall have original control and jurisdiction over executors, administrators, guardians and wards under such regulations as may be prescribed by law." Tex.Prob.Code § 5(a) (Supp.1992). In those counties where there is no statutory court exercising probate jurisdiction, most probate matters must be filed in the constitutional county court, id. § 5(b); however, the county judge may transfer contested matters to the district court, which may then hear them "as if originally filed in district court." Id. In this situation the county court retains jurisdiction over the uncontested portions of the case. Id. The county judge may also request the assignment of a statutory probate judge to hear contested matters. Id.

In counties where there is a statutory court exercising probate jurisdiction, most probate matters must be filed and heard in the statutory court or the constitutional county court, rather than the district court, "unless otherwise provided by the legislature." Id. § 5(c). The county judge may transfer contested probate matters to one of the statutory courts, but not to the district court. Id. Examples of where the legislature has altered the general rule of Section 5(c) are Anderson County, where the statutory county court has concurrent jurisdiction with the district court over all probate matters, and Parker County, where the statutory county court has concurrent jurisdiction with the district court over contested probate matters. See Tex. Gov't Code §§ 25.0032, 25.1863 (1992).

District courts and statutory probate courts have concurrent jurisdiction "in all actions by or against a person in the person's capacity as a personal representative, in all actions involving an inter vivos trust, in all actions involving a charitable trust, and in all actions involving a testamentary trust." Tex.Prob.Code § 5(d) (1992).

the Code applied to this cause of action. This version stated that:

> In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, *all claims by or against an estate*, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any guardianship, heirship proceeding, or decedent's estate, including estates administered by an independent executor.... *In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court. In actions by or against a personal representative, the statutory probate courts have concurrent jurisdiction with the district courts.*

TEX.PROB.CODE § 5A(b) (1985) (emphasis added).[4]

The court of appeals held that the probate court lacked subject matter jurisdiction over the suit, because it was not a suit "appertaining to" or "incident to" the estate. 848 S.W.2d at 701–02. In making this determination, the court relied heavily on our decision in *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984), in which this Court held that

probate courts did not have jurisdiction over wrongful death and survival claims. In *Seay*, we stated that the "appertaining to an estate and incident to an estate" language was designed to limit probate court jurisdiction to matters in which the *controlling issue* was the settlement, partition, or distribution of an estate. *Id.* at 24. Thus, the court of appeals reasoned that the outcome of Palmer's claims failed to meet this test and was "not necessary to the resolution of the estate." 848 S.W.2d at 703. In 1985, the legislature responded to *Seay* by amending the Texas Probate Code to broaden statutory probate court jurisdiction. The 1985 amendment added the last sentence to § 5A which provided that "[i]n actions by or against a personal representative, the statutory probate courts have concurrent jurisdiction with the district court." TEX.PROB.CODE § 5A(b) (1985). We agree with the court of appeals' assessment in *Pearson v. K–Mart*, 755 S.W.2d 217, 219 (Tex.App.—Houston [1st Dist.] 1988 no writ) that "it is readily apparent that the purpose of [House Bill 479] was to overrule *Seay v. Hall*."

Nevertheless, many courts of appeals have continued to apply the "controlling issue" test set out in *Seay* in their determination of whether a claim is "appertaining to" or "incident to" an estate. *See, e.g., Bruflat v. Rodeheaver*, 830 S.W.2d 821, 823 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Carlisle v. Bennett*, 801 S.W.2d 589, 591 (Tex.App.—Corpus Christi 1990, no writ); *Crawford v. Williams*, 797 S.W.2d 184, 185 (Tex.App.—Corpus Christi 1990, no writ); *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 436 (Tex.App.—Dallas 1988, no writ). However, continued application of this test in the context of the 1985 amendment is inconsistent with that amendment's purpose. The controlling issue in wrongful death and survival actions is *not* the settlement, partition, and distribution of the estate. A wrongful death recovery is a means of providing the statutory beneficiaries a remedy for the loss of

---

**4.** The 1987 amendment to the Texas Probate Code § 5A(b) modified the last sentence of that section to read: "In actions by or against a personal representative, or in matters involving

an inter vivos trust, the statutory probate courts have concurrent jurisdiction with the district courts." *See* Act of June 17, 1987, 70th Leg., R.S. ch. 459, § 1, 1987 Tex.Gen.Laws 2043, 2044.

their loved one because of another's wrongful conduct; the estate does not benefit from this recovery.[5] While a survival recovery may impact the assets of the estate to be distributed, this is obviously not the *controlling issue*. Therefore, to apply the "controlling issue" test in the context of the 1985 amendment would be to deny probate courts jurisdiction over wrongful death and survival actions, in direct contravention of the purpose of the amendment. The court of appeals, in denying the probate court jurisdiction over Palmer's claims, relied on *Qwest Microwave, Inc. v. Bedard, supra*. We agree with the holding in *Qwest* that the 1985 amendment to § 5A(b) "conferred jurisdiction upon the probate courts to hear claims that might not be fully liquidated but that nonetheless are brought by a personal representative in his capacity of personal representative administering an estate." 756 S.W.2d at 436–37. However, as previously discussed, we disagree with *Qwest* insofar as it states that by amending the statute in 1985, "the legislature did not intend to expand probate jurisdiction to matters other than those in which the controlling issue was the settlement, partition, or distribution of an estate." *Id.* at 436.

▮ When the 1985 amendment is not implicated, the "controlling issue" test has useful application in determining whether a claim is "appertaining to" or "incident to" an estate. In 1989, the legislature again amended § 5A and gave probate courts jurisdiction over claims by or against personal representatives "whether or not the matter is appertaining to or incident to an estate." TEX.PROB.CODE § 5A(e).[6] This amendment dispensed with the need to make this inquiry in suits involving a personal representative. However, the need

for an ascertainable meaning of "appertaining to or incident to" an estate still exists in certain circumstances. Therefore, we confirm our reasoning in *Seay* that a suit is "appertaining to or incident to" an estate when the controlling issue is the settlement, partition, or distribution of an estate insofar as it does not apply to suits by or against a personal representative.[7]

While it is true that the 1985 amendment was enacted in order to give probate courts jurisdiction over wrongful death and survival actions, the wording of this amendment and the legislative history behind its enactment contemplates a broader application. In fact, as noted in the House Research Organization report on the amendment, the original HB 479 stated specifically that statutory probate courts would have jurisdiction over survival and wrongful death actions, but it was changed to the more expansive wording of "in actions by or against a personal representative." It is evident that this suit falls within the plain meaning of the 1985 amendment.

The Texas Probate Code § 3(aa) defines "personal representative" as including "executor, independent executor, administrator, independent administrator, temporary administrator, guardian, and temporary guardian, together with their successors." TEX.PROB.CODE § 3(aa) (1980). As independent administrator of the estate, Palmer was Moore's personal representative. Further, as temporary administrator, Coble Wall acted as Moore's personal representative. Therefore, this suit filed by Palmer, the current independent administrator, against Coble Wall, the prior temporary administrator, was a suit filed by a personal representative against a personal repre-

---

5. TEX.CIV.PRAC. & REM.CODE § 71.004 (1986).

6. The 1989 amendment to § 5A reads as follows:

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:
　(1) by or against a person in the person's capacity as a personal representative;
　(2) involving an inter vivos trust;
　(3) involving a charitable trust; and
　(4) involving a testamentary trust.

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c) and (d) apply whether or not the matter is appertaining to or incident to an estate.

7. Because of the 1989 amendment, which separates the "appertaining to" or "incident to" an estate language from suits involving a personal representative, today's decision only impacts suits brought before September 1, 1989.

sentative. As such, under the 1985 Probate Code, the probate court had concurrent jurisdiction with the district court.

We reverse the judgment of the court of appeals and remand the cause to that court so that it can resolve the remaining unaddressed points of error.

CORNYN, Justice, dissenting.

The entire court agrees that the outcome of this case should be decided by determining the legislature's intent in enacting H.B. 479 of 1985, which amended section 5A(b) of the Texas Probate Code (the "Amendment"). While it is clear that the bill was passed in reaction to this court's decision in *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984), the legislative history of the Amendment makes it unlikely that the legislature, including the bill's author,[1] intended to expand probate court jurisdiction to cover the present suit.

Furthermore, while the interpretation of the 1985 amendment to section 5A(b) is important to the resolution of this case, the jurisdiction of the probate courts was further amended in 1989. The 1989 amendment still limits the probate courts' jurisdiction, under some circumstances, to claims "appertaining to, or incident to an estate."[2] Because the meaning of the statutory phrase "appertaining to, or incident to an estate" remains an important issue, and because I believe that the jurisdiction of the probate courts in 1985 did not

include the type of case involved here, I dissent.

I.

When ascertaining a statute's meaning, we consider, among other things, the objective sought to be attained by the legislature and the legislative history of an amendment.[3] And, I agree with the court that in amending section 5A, the legislature clearly intended to allow probate courts to hear wrongful death and survivor actions, and to allow claims for attorneys' fees to be brought in the probate courts. However, the words of the 1985 amendment[4] do not carry out this intent.[5] Nevertheless, we should attempt to construe the statute with these objectives in mind. TEX.GOV'T CODE § 311.023(3).

To support its conclusion that the probate court does have jurisdiction of this case, the court relies on the court of appeals' assessment in *Pearson v. K–Mart Corp.*, 755 S.W.2d 217, 219 (Tex.App.— Houston [1st Dist.] 1988, no writ). Apparently, the court agrees with *Pearson's* legislative history analysis, which hinges on Representative Wright's testimony before the House Committee on Judicial Affairs. Representative Wright's testimony makes clear the intent of the Amendment, to supersede only two aspects of our decision in *Seay:* 1) that probate courts did not have jurisdiction in survival and wrongful-death actions,[6] and 2) that unliquidated claims,

---

1. Representative Brad Wright authored the Amendment.

2. Even as the section is written now, the phrase "appertaining to, or incident to an estate" is included to define in which situations a cause of action must be brought in a statutory probate court rather than in the district court. *See* TEX.PROB.CODE § 5A(a) & (b).

3. TEX.GOV'T CODE § 311.023 provides:
   In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: (1) object sought to be attained; ... [and the] (3) legislative history; ....

4. The 1985 amendment added, "In actions by or against a personal representative, the statutory probate courts have concurrent jurisdiction with the district courts."

5. The Amendment allows probate courts to share jurisdiction of actions by or against a personal representative, however, the requirement that the claim be appurtenant or incident to an estate remains. A wrongful-death action is brought by a personal representative, but it is clearly not appurtenant or incident to an estate. Thus, considering only the language of the 1985 amendment the probate courts lack jurisdiction over wrongful-death actions. The court agrees with this analysis. Majority opinion at 182.

6. For example, Wright states: "If for instance, a guardianship is established and the ward has a cause of action for an injury sustained, perhaps even the injury that created the need for the guardianship, that cause of action could be handled in the statutory probate court. If the decedent had a cause of action relating to the accident which was the cause of his death, that could be handled in the statutory probate

such as actions for attorneys' fees, could not be heard in the probate court. Yet, the court does not address this legislative history and construes the statute much more broadly than justified by either legislative history or the words of the statute.[7]

*Seay* expressly held that the probate courts could not hear survival and wrongful-death actions. 677 S.W.2d at 23. The report of the House Research Organization (HRO) acknowledged that the pre–1985 Probate Code provisions "were never intended to deny probate court jurisdiction in such cases." House Study Group Report, Bill Analysis, Tex.H.B. 479, 69th Leg., Reg. Sess. (1985). The HRO stated that probate courts had actually been hearing these types of actions for years. The analysis concluded:

> Because all survival and wrongful-death suits are cases brought by or against the personal representative of the decedent's estate granting probate courts jurisdiction in such cases will clearly allow them to hear survival and wrongful-death actions.

*Id.* at 28–29.

*Seay* also limited the probate jurisdiction to liquidated claims. 677 S.W.2d at 23. This prompted concern about whether *Seay* precluded claims for attorneys' fees. Prior to the Amendment it was not clear whether lawyers had to file a separate action in district court to collect their fees related to a probate action. The Amendment sought to allow attorneys to bring these actions in the probate court already handling the case.[8] The presiding judge of the probate courts in Texas, Judge Pat Gregory, con-

firmed this purpose in his testimony before the Senate Committee on Jurisprudence. He testified that this Amendment was a response to questions raised in "the dicta in *Seay*" about whether or not actions for attorneys' fees could be heard in the probate courts. Hearings on H.B. 479 Before the Senate Jurisprudence Comm., 69th Leg., 1985 (on tape).

While these two purposes of the Amendment are relatively lucid, it is not apparent that the Amendment was intended to broaden probate jurisdiction any further. Judge Gregory testified that he saw the bill as "a very narrow bill ... [that does not call for] a broad jurisdiction." *Id.* In fact, the legislature further amended this section of the probate code in 1989. The 1989 amendment allowed the probate court to hear cases brought by or against a personal representative even if they are not appurtenant or incident to an estate. If the 1985 amendment made the change that the court contends it did, there would be no need to make the changes in 1989.[9]

Nothing in the available legislative history of this Amendment reveals an intent to extend probate jurisdiction to cases, other than the two instances discussed above, beyond those understood to be "appurtenant or incident" to an estate before the Amendment was added.[10] *See Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 436 (Tex.App.—Dallas 1988, no writ).

## II.

The obvious question, then, is whether the action brought by William Palmer is

---

court." *Testimony of Representative Brad Wright,* in hearings on H.B. 479 before the House Judicial Affairs Comm., 69th Leg., 1985 (on tape).

7. See *supra* text at 182 and accompanying notes.

8. Again, the HRO report explains how the language of the Amendment cures this problem: "It would be better to permit the probate court already familiar with the case to decide all of the claims, as H.B. 479 will allow by granting to probate courts concurrent jurisdiction with district courts over all aspects of suits by or against personal representatives." *Id.* at 29.

9. "It is presumed that the legislature intends to make some change in existing law when it adopts an amendment." *Travenol Labs., Inc. v. Bandy Labs., Inc.,* 608 S.W.2d 308 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.).

10. In fact, the concern about the breadth of the amended language arose in the Senate Committee meetings. Mr. Frank Ikard, chairman elect to the Real Estate Probate and Trust Law Section of the State Bar of Texas, voiced his fear that the new language was too broad. He used as an example the possibility of an antitrust suit being filed in a probate court. He was persuaded, however, that this would not be the case, and withdrew his opposition to the amendment.

"appurtenant or incident" to the estate of Booney Moore.[11] In my opinion, the legislature did not statutorily overrule the main holding of the *Seay* opinion, that the "legislature did not intend to expand probate court jurisdiction to matters other than those in which the controlling issue was the settlement, partition, or distribution of an estate." Several courts of appeals have so held, leaving this aspect of the *Seay* decision intact. *See e.g., Bruflat v. Rodeheaver*, 830 S.W.2d 821, 823 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Carlisle v. Bennett*, 801 S.W.2d 589, 591 (Tex.App.—Corpus Christi 1990, no writ); *Crawford v. Williams*, 797 S.W.2d 184, 185 (Tex.App.—Corpus Christi 1990, writ denied); *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d at 436; *Chamberlain v. Witts*, 696 S.W.2d 204, 206 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The outcome of Palmer's claims for negligence, gross negligence, and violations of the DTPA do not control the assimilation, collection, or distribution of the Moore estate. Rather, these claims are remedial in nature and seek penalty damages rather than replenishment of the estate.[12] Thus, these claims are not appurtenant or incident to the Moore estate, and I would hold

that the trial court did not have jurisdiction to adjudicate such claims.[13]

---

**11.** The CA determined that the 1985 version of § 5A(b) was applicable to this cause of action.

> In proceedings in the statutory probate court and district courts, the phrases 'appurtenant to estates' and 'incident to an estate' in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.... In the situation where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in district court. In actions by or against a personal representative, the statuto-

ry probate courts have concurrent jurisdiction with the district courts.
TEX.PROB.CODE ANN. § 5A(b).

**12.** The court of appeals held that:

> The relief sought is pursuant to the remedial DTPA, with punitive damages, and was brought for the benefit of the beneficiaries and the administrator. The recovery was based on what the jury believed the beneficiaries and present administration would have received had the estate plan not been implemented. It is not a suit to determine the assets of the estate.... Further, there were no assets of the estate for the Probate Court to protect through ancillary jurisdiction.
CA Opinion at 12–13.

**13.** It is worth noting that if the probate court was without jurisdiction as I contend, the Petitioner could refile this suit in district court; as long as this is done within sixty days of dismissal, limitations would be tolled during pendency of this suit and the suit in district court would not be barred by limitations. TEX.CIV.PRAC. & REM.CODE § 16.064.