IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
10-0460
════════════
 
In re Alice M. Puig in Her Individual Capacity
and in Her Capacity as the 
Independent Administratrix
of the Estate of Alicia Prieto Puig, and Charles B. Puig,
Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of 
Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
In this case, we are asked to grant mandamus relief to correct a district 
court’s denial of a plea to the jurisdiction. The plea challenged the district 
court’s jurisdiction to determine the ownership of a ranch allegedly owned, in 
part, by an estate undergoing administration in a county court at law. Under our 
precedent, the issue here is one of dominant, not exclusive, jurisdiction. The 
proper method for contesting a court’s lack of dominant jurisdiction is the 
filing of a plea in abatement, not a plea to the jurisdiction as the relators filed here. See Wyatt v. Shaw Plumbing Co., 
760 S.W.2d 245, 247–48 (Tex. 1988). Because the 
district court did not abuse its discretion in denying the relators’ plea to the jurisdiction, we deny the petition for 
writ of mandamus.
 In 1990, a corporation called Puig Bros. obtained title to the Webb County ranch in 
question. All of the Puig Bros. corporate shares were 
owned by Luis F. Puig, Jr. and his six children, Louis 
F. Puig, III, Robert J. Puig, Edward G. Puig, Alice M. 
Puig, Charles B. Puig, and 
Thomas A. Puig. In 1999, Luis filed for divorce from 
the children’s mother, Alicia Prieto Puig. In the divorce, Alicia counterclaimed but did not join 
Puig Bros. as a party. When the divorce was granted in 2003, the trial court 
determined that Puig Bros. was operated as Luis’s 
alter ego and disregarded it as a corporate entity. Upon division of the 
community estate, Alicia was awarded a 60% ownership interest in the 
ranch.
            
Alicia, a resident of Fort Bend County, passed away shortly after the 
divorce and left a will naming her daughter, Alice Puig, independent administratrix 
and sole beneficiary of her estate. Because Fort Bend County lacks a statutory 
probate court, Alice filed her mother’s will for probate in a Fort Bend county 
court at law and was duly issued letters of administration. In the course of her 
duties as administratrix of her mother’s estate, Alice 
repeatedly called upon her father to execute documents transferring partial 
ownership of the ranch to Alicia’s estate, but he refused to do so. The Fort 
Bend county court held Luis in contempt and issued an order appointing a master 
in chancery to act as his attorney-in-fact for the purpose of executing the 
required deed. The attorney-in-fact executed a special warranty deed, referred 
to here as the Harbour Deed, which transferred a 60% ownership interest in the 
ranch to Alicia.
            
After the Harbour Deed was properly recorded in the Webb County real 
property records, Louis, Robert, and Edward Puig, and 
Puig Bros. itself (collectively, the real parties in 
interest) filed suit against Alice and Charles Puig 
(collectively, the relators) in a Webb County district 
court. Based on Alicia’s failure to join Puig Bros. as 
a party to the divorce proceeding, the declaratory judgment suit sought to void 
the Harbour Deed, to quiet title, and to declare the real parties the rightful 
owners of title to the ranch. Following the initiation of the real parties’ 
suit, Luis passed away. The relators filed a plea to 
the jurisdiction and a motion to transfer venue to the Fort Bend county court in 
which the administration of Alicia’s estate was pending. Despite the fact that 
the Fort Bend county court had already exercised jurisdiction over Alicia’s 
estate, the Webb County district court denied the plea to the jurisdiction. The 
relators then filed a petition for writ of mandamus in 
the court of appeals, which was denied. In re Puig, No. 04-10-00197-CV, 2010 WL 2184336, at *1 (Tex. 
App.—San Antonio June 2, 2010, orig. proceeding) (mem. 
op.). We granted the relators’ motion to stay the 
underlying Webb County district court proceedings pending our consideration of 
the relators’ mandamus petition.
            
When counties lack a statutory probate court, as Fort Bend County does, § 
4 of the Texas Probate Code provides statutory county courts with the same 
general jurisdiction as statutory probate courts.[1] Act of 
June 19, 1993, 73rd Leg., R.S., ch. 957, § 4, 
1993 Tex. Gen. Laws 4081, 4161, repealed by 
Act of June 19, 2009, 81st Leg., R.S., ch. 1351, 
§ 12(h), 2009 Tex. Gen. Laws 4273, 4279; see Tex. Gov’t Code § 25.0811 (listing 
statutory county courts in Fort Bend County); cf. Frost Nat’l Bank v. 
Fernandez, 315 S.W.3d 494, 505 (Tex. 2010) (citing Palmer v. Coble Wall 
Trust Co., 851 S.W.2d 178, 180 n.3 (Tex. 1992)). This jurisdiction includes 
the ability to “transact all business appertaining to estates subject to 
administration” as well as “the power to hear all matters incident to an 
estate.” Act of May 14, 2001, 77th Leg., R.S., 
ch. 63, § 1, 2001 Tex. Gen. Laws 104, 105, 
repealed by Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279; Act 
of June 19, 1993, 73rd Leg., R.S., ch. 957, § 4, 
1993 Tex. Gen. Laws 4081, 4161 (repealed 
2009). Section 5A(a) of the Probate Code 
provides a non-exclusive list of matters qualifying as “appertaining to” and 
“incident to” an estate administered in a statutory county court, including: 
“all actions for trial of title to land . . . and for the 
enforcement of liens thereon[,] . . . all actions for trial 
of the right of property[,] . . . and generally all matters relating 
to the settlement, partition, and distribution of estates of deceased persons.” 
Act of June 19, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161 (repealed 
2009). When a matter 
raised in a separate lawsuit is not expressly mentioned in the Probate Code’s 
definition of matters appertaining and incident to an estate, we have employed 
the “controlling issue” test to determine whether the matter meets that 
definition. See In re SWEPI, L.P., 85 S.W.3d 800, 805–06 (Tex. 
2002) (orig. proceeding). Under the controlling issue test, “a suit is 
appertaining to or incident to an estate when the controlling issue is the 
settlement, partition, or distribution of an estate.” Palmer, 851 S.W.2d 
at 182 (internal quotations omitted); see In re SWEPI, 85 S.W.3d at 
805–06.
            
The controlling issue presented in the real parties’ Webb County suit 
undoubtedly involves the settlement, partition, and distribution of Alicia’s 
estate. The petition seeks a declaratory judgment to void the Harbour Deed. The 
real parties also seek to quiet title in the ranch by asking the district court 
to remove the cloud on Puig Bros.’ title created by 
recordation of the Harbour Deed, which they allege was invalid due to the master 
in chancery’s lack of authority to execute the deed and the fact that Puig Bros. did not authorize the conveyance to Alicia. 
Lastly, the petition includes a trespass to try title claim, which requests that 
the court “enter judgment [in favor of the real parties] for title to and 
possession” of the ranch. Actions for trial of title to land are specifically 
listed in § 5A(a) as “appertaining to” and “incident 
to” estates. Act of June 19, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161 (repealed 
2009). More importantly, at the heart of each of these causes of action 
lies one common issue: ownership of the ranch. See 
Tex. Civ. Prac. & Rem. Code § 37.004(a) 
(providing declaratory judgment as a means by which parties interested under a 
deed may obtain a judicial determination of the instrument’s validity); 
Tex. Prop. Code § 22.001 (stating that “a trespass to 
try title action is the method of determining title to lands”); Thomson v. 
Locke, 1 S.W. 112, 115 (Tex. 1886) (explaining that the goal of a suit to 
quiet title is to clear title to property from clouds or encumbrances). The 
outcome of the real parties’ suit will determine the validity of Alicia’s 
ownership interest in the ranch, and accordingly, whether that interest may be 
distributed to the beneficiary of Alicia’s estate. Therefore, because the issues 
raised in the Webb County suit are appertaining and incident to Alicia’s estate, 
the Fort Bend county court has power to hear those issues.
            
When the jurisdiction of a county court sitting in probate and a district 
court are concurrent, the issue is one of dominant jurisdiction. Wyatt, 
760 S.W.2d at 248 (explaining that when a suit may be properly filed in more 
than one county, the court in which the suit is first filed attains dominant 
jurisdiction) (citing Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974) 
(orig. proceeding)). Because the administration of Alicia’s estate was initiated 
well before the real parties filed their Webb County lawsuit, the Fort Bend 
county court clearly attained dominant jurisdiction over Alicia’s estate and all 
matters appertaining and incident thereto. See Bailey v. Cherokee Cnty. Appraisal Dist., 862 S.W.2d 581, 586 (Tex. 1993) 
(“[T]he court in which suit is first filed acquires dominant jurisdiction to the 
exclusion of coordinate courts.”). Several courts of appeals have expanded our 
holding in Bailey to mean that a county court sitting in probate attains 
exclusive jurisdiction over matters appertaining and incident to the estate once 
administration is opened there. See, e.g., Hailey v. Siglar, 194 S.W.3d 74, 79–80 (Tex. App.—Texarkana 2006, 
pet. denied); Howe State Bank v. Crookham, 873 
S.W.2d 745, 749 (Tex. App.—Dallas 1994, no writ). However, we have never explicitly 
reached such a conclusion. Accordingly, as the law now stands, the only basis 
for having the real parties’ lawsuit heard in the Fort Bend county court is that 
court’s dominant jurisdiction.
            
When, as here, two courts have concurrent jurisdiction to determine 
inherently intertwined issues, filing a diliatory plea 
in abatement is the proper method for drawing a court’s attention to another 
court’s possible dominant jurisdiction. See, e.g., Mower v. Boyer, 
811 S.W.2d 560, 563 n.2 (Tex. 1991) (discussing pleas in abatement filed to call 
a second court’s attention to the dominant jurisdiction previously acquired by 
another court); Wyatt, 760 S.W.2d at 247–48 (explaining that it is proper 
to file a plea in abatement when two inherently interrelated cases are filed in 
different counties); cf. Speer v. Stover, 685 S.W.2d 22, 23 
(Tex. 1985) (per curiam) (holding that pleas to the 
jurisdiction are properly pled to alert a court to its lack of subject matter 
jurisdiction). The issues presented here are inherently intertwined because 
Alicia’s estate will remain open until all claims against it are settled and all 
assets distributed. See Pugh v. Turner, 197 S.W.2d 822, 
826 (Tex. 1946). Alicia’s ownership interest in the ranch may not be 
distributed until all of the claims presented in the real parties’ Webb County 
lawsuit are adjudicated and the validity of her interest is 
determined.
            
Because the issue is one of dominant, rather than exclusive, jurisdiction 
the relators should have filed a plea in abatement. 
The district court’s denial of the relators’ plea to 
the jurisdiction, therefore, did not constitute an abuse of discretion depriving 
the relators of an adequate appellate remedy. See 
Abor v. Black, 695 S.W.2d 
564, 567 (Tex. 1985). We note that the improper denial of a plea in 
abatement may, on occasion, warrant mandamus relief. See, e.g., 
Curtis, 511 S.W.2d at 266–68. Pleas in abatement are incidental rulings, 
the denial of which ordinarily does not support mandamus relief. See Abor, 695 S.W.2d at 567.[2] But when a court issues an “order which 
actively interferes with the exercise of jurisdiction” by a court possessing 
dominant jurisdiction, mandamus relief is appropriate. Id.; see Perry 
v. Del Rio, 66 S.W.3d 239, 258 (Tex. 2001) (granting mandamus relief to 
direct a district court to move a trial setting so that another court that 
already exercised jurisdiction over different cases involving nearly identical 
issues, parties, and witnesses could first consider those cases); Curtis, 
511 S.W.2d at 266–68 (granting mandamus relief directing a judge to sustain a 
plea in abatement in a child custody suit where one court attempted to exercise 
jurisdiction with respect to the children, despite the fact that dominant 
jurisdiction had previously been established in another court). Because the Webb County district court did not 
commit a clear abuse of discretion in denying the relators’ plea to the jurisdiction, any further inquiry into 
the relators’ appellate remedy is unnecessary. 
Accordingly, the relators’ petition for writ of 
mandamus is denied.
OPINION DELIVERED: July 1, 
2011






[1] In 
2009, the Texas Legislature repealed §§ 4, 5, and 5A(a) of the Probate Code. Act of June 19, 
2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 
Tex. Gen. Laws 4273, 4279. Because this case was filed before the 
effective date of the repeal, both parties agree that prior law applies here. 
See also id. at 
§ 12(i) (stating that actions filed before 
the effective date of the Act are “governed by the law in effect on the date the 
action was filed”).

[2] 
Although we recognize that our holding in Abor has been interpreted by other courts as creating 
a paradoxical problem, this issue was not raised or briefed by the parties here. 
See, e.g., Coastal Oil & Gas Corp. v. 
Flores, 908 S.W.2d 517, 518–19 & n.1 (Tex. App.—San Antonio 1995, orig. 
proceeding). Therefore, we do not address it 
today.