**Kenneth Wayne GOODWIN, Relator,**

v.

**The Honorable Cynthia Stevens KENT, Judge of the County Court at Law No. 2 of Smith County, Texas, Respondent.**

**No. 12–87–00193–CV.**

Court of Appeals of Texas, Tyler.

Jan. 29, 1988.

2. Cause No. 12–87–00195–CV.

Carl David Adams, Adams & Francis, Dallas, for relator.

John D. Glass, Jr., J. Robert Dobbs, Jr., Leonard Davis, Tyler, for respondent.

PER CURIAM.

This is an original mandamus proceeding whereby Kenneth Wayne Goodwin (hereinafter "Relator") seeks to compel the Honorable Cynthia Stevens Kent, Judge of the County Court at Law No. 2 of Smith County, Texas, to abate an action filed in the County Court at Law No. 2. That action was brought by John D. Glass, Jr., successor independent executor of the Estate of Kenneth C. Miller; Texas American Bank Tyler, N.A., trustee of the Kenneth C. Miller Testamentary Trust; and JoAnne Miller Glass (hereinafter collectively "Respondents").

## BACKGROUND

Kenneth C. Miller died on August 20, 1974. On September 9, 1974, an order was entered by the County Court of Smith County, Texas, admitting Miller's will to

probate and issuing letters testamentary to Ben Goodwin[1] and the Tyler Bank and Trust Company as co-independent executors of Miller's estate. The enumeration of property disposed of by Miller's will includes "All parcels of real estate situated in Rusk County, Texas, and in the Juan Ximines Survey, inclusive of all parcels of land known as the Miller Farm, sometimes referred to as the Bradford tract, together with all tracts of land adjacent thereto and purchased by Kenneth C. Miller, including surface and minerals." *Resp. Sworn Exhibits*, Ex. C, II, para. 5.[2] The inventory of property of the estate, as sworn to by the co-executors, included the "Kenneth C. Miller Ranch, Rusk County, Texas, containing 1326.67 acres of land out of the Juan Ximines Survey, ... total acres 1326.67 less 900 Life–Estate Acres...." No showing has been made that the administration of Miller's estate has been closed.

On July 14, 1987, Relator filed an action in the 4th Judicial District Court in Rusk County, Texas, naming JoAnne Miller Glass as the sole defendant. *Relator's Sworn Exhibits*, Ex.A. In that petition, Relator alleged that he was the illegitimate son of Kenneth C. Miller and as such was entitled to seek and did seek determination of his ownership under a 1934 deed of one-half interest in 975 acres of real property located in Rusk County, Texas, known as the "Miller Farm"; declaration of his rights and status vis-a-vis JoAnne Miller Glass; an equitable accounting from Mrs. Glass for the subject property from the date of Kenneth C. Miller's death; attorney's fees; and declaratory relief that the Texas law regarding the rights of illegitimate children to inherit from their natural parents.

On August 26, 1987, Respondent John D. Glass filed with the County Court of Smith County, Texas, in Cause No. 16, 534, a Petition for Determination of Title to Land Incident to the Estate of Kenneth C. Miller, deceased, and a Petition for Determination of Heirship Incident to the Estate of Kenneth C. Miller, deceased. The land of which Respondent seeks determination of title is referred to as the Miller Farm in Rusk County, Texas, and includes the property which is the subject of the Rusk County action. Relator was named to be served with process in both matters, as were "the unknown heirs, children, and descendents of Kenneth C. Miller, deceased."

On August 31, 1987, JoAnne Miller Glass filed a Plea in Abatement and Motion to Transfer Venue in the Rusk County action. To date, the 4th Judicial District Court has not acted upon those motions.

On September 15, 1987, Relator filed a Plea in Abatement in the County Court at Law No. 2 in Cause No. 16, 534, *In re Estate of Kenneth C. Miller, Deceased.* The grounds alleged in support of the plea were that the Rusk County District Court had exclusive dominant jurisdiction to determine the title to the 975 acres of property known as the Miller Farm by virtue of the earlier filing in that court, and that the estate had no standing to seek a judicial determination of Miller's heirs because Miller died testate and his will disposed of all of his property. Further, Relator alleged that because the 975 acres was not listed in the inventory of property of Kenneth C. Miller that was filed with the Smith County Court, that court was without jurisdiction to determine title to the property.

By Order of October 5, 1987, the Smith County Court at Law No. 2, Judge Kent presiding, overruled Relator's Plea in Abatement. The court concluded that it had "jurisdiction of all matters incident to the Estate of Kenneth C. Miller, including those matters now brought before the court...." It is that Order that Relator seeks to compel the County Court at Law to vacate and enter an order granting his plea in abatement.

## THE JURISDICTIONAL QUESTION

Without regard to the characterization of the issues as set out by the parties, it is

---

1. Ben Goodwin is the father of Relator herein. On February 22, 1985, Ben Goodwin resigned as co-independent executor and co-trustee of Miller's estate and testamentary trust.

2. The actual disposition of such property was changed by codicil which made no alteration in the description of the property.

clear that underlying both actions are the issues of whether Relator is the illegitimate son of the deceased Kenneth C. Miller, and who legally is entitled to title to the 975 acres of real property in the Juan Ximines Survey in Rusk County, known as the Miller Farm. Resolution of the title issue will involve determination of the validity of two potentially conflicting deeds.

▆▆▆ Both courts have at least the theoretical authority to resolve a valid title dispute over the Miller Farm property. The Fourth Judicial District Court has in rem jurisdiction by virtue of the property's location in Rusk County. Tex. Const. art. V, § 8. The property was also listed in Kenneth C. Miller's will as property to be disposed of under the terms of the will.[3] The determination of the decedent's rights to assets is a matter incident to the estate. *English v. Cobb,* 593 S.W.2d 674, 676 (Tex. 1979). Section 5A(a) of the Texas Probate Code also defines matters appertaining or incident to an estate as including "all actions for trial of title to land incident to an estate." Therefore, the Smith County Court at Law No. 2 also has the authority to hear a title dispute over the Miller Farm because the issue is a matter appertaining or incident to an estate. Tex.Prob.Code § 5(d) (Vernon 1980).[4] We thus begin with both courts having at least the power to hear and decide a title issue regarding the Miller Farm.[5]

▆▆▆ The critical issue then is which court has dominant jurisdiction in the situation here—where the trespass to try title action was filed on July 14, 1987, in the District Court in the county where the property is located, and the specific actions encompassing the same issues were filed on August 26, 1987, with the County Court at Law in which the estate claiming ownership of the property has been in probate since 1974. Generally when two courts have concurrent jurisdiction, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). Subsequent suits involving the same parties and controversy must be dismissed if a party to the second action calls that court's attention to the pendency of the prior suit. *Id.*

▆▆▆ In this case, the first court to acquire jurisdiction over the title dispute to the Miller Farm and Relator's interest therein, if any, was the district court in Rusk County. Although the will of Kenneth Miller was admitted to probate in the Smith County Court at Law No. 2 in 1974, the subject matter of the present disputes had not been raised before the filing of the Rusk County suit. The County Court at Law had potential jurisdiction over the title dispute, as did the Rusk County District Court, but the court's jurisdiction was not activated until the petition was filed. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810 (Tex.1983). Thus, under the general rule, the first filed petition, that in the 4th Judicial District Court in Rusk County, gave that court dominant jurisdiction to the exclusion of other coordinate courts, and upon the filing of Relator's plea in abatement, the second court, the Smith County Court at Law No. 2, should have sustained the plea and dismissed the subsequently filed petitions. *Curtis,* 511 S.W.2d at 267.

▆▆▆ The rules of law we apply here are well established in Texas jurisprudence.

---

3. The mere fact that the entire Miller Farm property was not claimed in the original inventory filed for the estate is not conclusive proof of title to the property or a lack thereof. *See White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ).

4. All references to sections hereinafter are to the Texas Probate Code unless specified otherwise.

5. We reject the theory that once an estate is pending in a court exercising original probate jurisdiction that court has *exclusive* jurisdiction to hear all matters appertaining or incident to the estate. *See, e.g., Thomas v. Tollon,* 609 S.W. 2d 859 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). As set forth in *Smith v. Smith,* 694 S.W.2d 426 (Tex.App.—Tyler 1985, writ ref'd n.r.e.), the district court and county court have concurrent jurisdiction over matters incident to an estate. *Id.* at 430. The County Court at Law No. 2 of Smith County has concurrent jurisdiction in probate matters with the county court. Tex.Civ.Stat.Ann. art. 1970–348 § 2(a) and (e) (Vernon Supp.1987).

The County Court at Law had a clear duty to dismiss the petitions filed with it once Relator raised the issue of the previously filed suit in Rusk County. No alternative course existed. This court has, and hereby exercises, the power to act by mandamus to settle the conflict. *Curtis,* 511 S.W.2d at 267. Mandamus shall issue directing the County Court at Law No. 2 to vacate its order of October 5, 1987, overruling Relator's Plea in Abatement and further to dismiss Respondents' Petition for Determination of Title to Land Incident to Estate of Kenneth Miller and Petition for Determination of Heirship.

COLLEY, J., not participating.