**Tad CARLISLE, Appellant**

v.

**Nell Wayne BENNETT and Elizabeth Becker White, Appellees.**

**No. 13–89–505–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 20, 1990.

Gordon H. Green, Muleshoe, for appellant.

Aubrey J. Fouts, Donald M. Hunt, Lubbock, for appellees.

Before NYE, C.J., and DORSEY and KEYS, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a trial court's order sustaining appellees' plea to the jurisdiction. By three points of error [1], appellant argues that the trial court erred because the issues before the trial court were not matters incident to the settlement of an estate, the probate proceedings and this suit do not concern the same parties and that the trial court failed to conduct a hearing. We affirm the trial court's judgment.

Appellant, Tad Carlisle, is a beneficiary under the Last Will and Testament of Nell Carlisle, deceased, which was admitted to probate in June, 1983, in the County Court of Lamb County, Texas. Under the will, appellant received a one-third interest in a house and lot located in Lamb County. Nell W. Bennett is the independent executrix of the estate of Nell Carlisle. A contested matter arose in connection with the estate which was heard by the District Court of Lamb County. In 1987, that district court ordered Bennett to sell the house and lot for "the best cash price now obtainable." On November 24, 1987, the house and lot were sold to Elizabeth B. White, the daughter of the independent executrix, Bennett.

On May 24, 1989, appellant filed suit against appellees, Bennett and White, in the 357th District Court of Cameron County for actual and punitive damages resulting from an alleged conspiracy concerning the sale of house and lot. Bennett was not sued in her capacity as independent executrix. The suit alleged that appellees conspired to sell the house and lot for substan-

---

**1.** Appellant expressly waived point of error four     at oral argument.

tially less than the fair market value of the property.

The 357th District Court of Cameron County sustained appellees' plea to its jurisdiction, holding that the probate court, County or District, of Lamb County had exclusive jurisdiction, and dismissed the suit. From that order appellant has perfected his appeal.

By points of error one and two, appellant argues that the trial court erred in sustaining appellees' plea to the jurisdiction. Appellant contends that the probate court of Lamb County does not have exclusive jurisdiction over this matter, so as to preclude jurisdiction by the district court of Cameron County, because the suit does not assert a "claim" against the estate and does not involve the settlement, partition, or distribution of the estate. Hence, we must resolve whether the probate court of Lamb County has jurisdiction over this dispute, and, if so, is that jurisdiction exclusive so as to deny the district court of Cameron County jurisdiction.

The Probate Code gives the County Court general probate jurisdiction and grants it specific authority to "transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates." TEX.PROB.CODE ANN. § 4 (Vernon Supp.1990). Courts exercising original probate jurisdiction have the power to hear *all* matters incident to an estate. TEX.PROB.CODE ANN. § 5(e) (Vernon Supp. 1990). In proceedings in constitutional county courts, matters incident to an estate include, but are not limited to, claims by or against an estate and generally all matters relating to the settlement, partition, and distribution of estates. TEX.PROB.CODE ANN. § 5A(a) (Vernon Supp.1990). In counties where there is no statutory probate court or county court at law, contested probate matters may be transferred to the district court for trial. TEX.PROB.CODE ANN. § 5(b) (Vernon Supp.1990).

The statutory language "incident to an estate" limits a probate court's jurisdiction to those matters in which the *controlling issue* concerns matters relating to the settlement, partition or distribution of an estate. *Seay v. Hall*, 677 S.W.2d 19, 23 (Tex.1984). In *English v. Cobb*, 593 S.W.2d 674 (Tex.1979), the executor of an estate brought suit for conversion alleging that assets were wrongfully removed from the estate. The Court found that the determination of the right to probate assets necessarily involves a matter incident to an estate because it has a direct bearing on the "assimilation, collection, and distribution" of the estate. *Cobb*, 593 S.W.2d at 676. We find this reasoning applicable in the instant case.

Appellant's action in Cameron County contends that Bennett and White conspired to violate the Lamb County District Court's order by effecting a sale of the house and lot for less than the "best cash price now obtainable" as required by that order. The controlling issue is the sale of the house and lot by the executrix for less than full consideration, in breach of her duties as executrix. The only actual damages sought are the differences in value of appellee's share of the house had it been sold for its true value rather than the lesser price actually received. If successful in Cameron County, appellant will recover only what he should receive in the distribution of the estate when distribution occurs. The matters of appellee's breach of duty, or noncompliance with the Lamb County Court's order, may be litigated in Lamb County and adjustments may be made in the distribution of the estate, or fees to the executrix, as may be just. Since the subject of the suit in this case concerns a controlling issue directly related to the settlement or distribution of the estate, we find that the District and County Courts of Lamb County have exclusive jurisdiction to determine the matter.[2] *See Thomas v. Tollon*, 609 S.W.2d 859, 861 (Tex.Civ.App.—

---

2. The fact that White is not a party to the probate proceedings in Lamb County is irrelevant to the issue of jurisdiction since the suit in the instant case is incident to the settlement of an estate. *Accord Home Sav. Assocs. v. Bevers,*

745 S.W.2d 504, 510 (Tex.App.—Amarillo 1988, no writ) (identity of controversies rather than identity of parties is paramount consideration in sustaining plea in abatement).

Houston [14th Dist.] 1980, writ ref'd n.r.e.); TEX.PROB.CODE ANN. §§ 5 & 5A (Vernon Supp.1990).

We are aware of the conflict between the Courts of Appeals on the issue of whether the probate court has exclusive jurisdiction concerning matters incident to an estate. *Compare Goodwin v. Kent,* 745 S.W.2d 466, 469 (Tex.App.—Tyler 1988, no writ) (rejecting probate court's exclusive jurisdiction once original probate jurisdiction attaches); *with Thomas,* 609 S.W.2d at 861 (all courts exercising original probate jurisdiction have exclusive jurisdiction over matters incident to an estate). However, under either analysis, the result is the same: the district court of Cameron County properly sustained appellees' plea to the jurisdiction. Under the reasoning in *Kent,* the first court to acquire jurisdiction over a particular dispute has "dominant jurisdiction" to the exclusion of other courts. Here, the District Court of Lamb County was the first court to acquire jurisdiction over the sale of the house and lot. Thus, the courts of Lamb county would have dominant jurisdiction over this suit to the exclusion of the Cameron County district court. We overrule points one and two.

By point of error three, appellant argues that the trial court erred in sustaining appellees' plea to the jurisdiction because the trial court failed to conduct an "in person" hearing. The record establishes that pursuant to appellees' request, the 357th District Court agreed to allow the parties to "submit their authorities by mail." Appellant did not object to the trial court's ruling allowing the presentation of authorities by mail. Additionally, in accordance with the trial court's ruling, appellees' presented a trial memorandum and certified copies of court records from Lamb County establishing the pendency of probate proceedings. The trial court's order sustaining appellees' plea to the jurisdiction recites that the trial court ruled "after considering the evidence and argument of counsel presented in support of and in opposition to said Plea." In light of appellant's failure to object, we find that appellant has waived any complaint regarding the trial court's decision to conduct the proceedings by mail. Tex.R.App.P. 52(a). We overrule point of error three. The judgment of the trial court is AFFIRMED.