Opinion issued June 8, 2006 
     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00656-CV




RONALD X. GORDON, Appellant

V.

MILDRED JONES AND JAMES ALBRO, Appellees




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 02-CV-124172




O P I N I O N

          Appellant, Ronald X. Gordon, appeals pro se to challenge dismissal with
prejudice of his claims against appellees, Mildred Jones and James Albro, in response
to Albro’s motion. Appellant’s five points of error present the following two issues
for review: (1) whether the trial court erred by dismissing the case with prejudice
based on Albro’s contention that a different court had acquired dominant jurisdiction
over appellant’s claims and (2) whether the trial court erred by not filing findings of
fact and conclusions of law. We agree that the trial court erred by dismissing
appellant’s cause with prejudice. Because that issue is dispositive of the appeal, we
do not address appellant’s second issue. We reverse and remand.
Factual and Procedural Background
          Quinn E. Gordon (appellant’s father’s cousin) died testate in 1981. His estate
consisted of approximately 26 acres of land, and his will devised one acre of this land
to Burton Gordon, who is appellant’s deceased father (father). When father’s
cousin’s will was probated in Wharton County, the application for probate stated that
father’s cousin was a resident of Wharton County, and that the location of the 26
acres was in Wharton County. Appellant’s father died on December 22, 1988, about
eight years after father’s cousin’s will was probated. Father died intestate, and
appellant survived him. 
1.       County-Court Litigation through May 2, 2002 
          On August 13, 2001, in Fort Bend County Court at Law No. 1 (county court),
appellant filed an application to determine the heirships of his father’s and father’s
cousin’s estates. Appellant’s pleadings alleged that he was the sole heir of father,
who was the sole heir of father’s cousin, and further alleged that father’s cousin’s will
had been fraudulently probated because the application for probate of the will
misrepresented that father’s cousin’s principle residence and the 26 acres were
located in Wharton County, when they are actually in Fort Bend County. On May 3,
2002, the county court dismissed appellant’s applications to determine heirship for
want of jurisdiction. Shortly thereafter, on May 21, 2002, appellant filed a petition
to reopen father’s cousin’s 1981 probate case in Wharton County. 
2.       Trial-Court Litigation through June 25, 2002
          Less than a week after the county court dismissed appellant’s applications to
determine heirship, appellant filed a trespass-to-try-title action in the 400th Judicial
District of Fort Bend County, which is the trial court from which this appeal arises. 
In addition to allegations to quiet title to the Fort Bend County land, appellant’s
pleadings in the trial court also allege fraud and attorney misconduct related to the
probate of father’s cousin’s will. Albro’s May 20, 2002 answer includes a general
denial to appellant’s claims and a request that appellant take nothing on those claims.


 
On June 25, 2002, however, Albro moved to abate the trial-court litigation pending
outcome of (1) appellant’s appeal of the county court’s dismissal for lack of
jurisdiction and (2) appellant’s petition to reopen the 1981 probate case in Wharton
County. The record before us shows no ruling by the trial court on Albro’s motion
to abate.
3.       Appeal of County-Court Dismissal to this Court
          On June 19, 2002, appellant perfected an appeal to this Court to challenge the
county court’s May 3, 2002 dismissal, for want of jurisdiction, of appellant’s
application to determine his father’s heirship.


 See Gordon v. Albro, No. 01-02-000681-CV, slip op. at 3 & n.2, 2003 WL 2002543, at *1 & n.2 (Tex. App.—Houston
[1st Dist.] May 1, 2003, no pet.).


 This Court’s May 1, 2003 opinion states that
although appellant’s assertions of fraud and attorney misconduct were improper in
an heirship determination, that impropriety “did not divest the [county court] of
subject matter jurisdiction.” Id., slip op. at 6; 2003 WL 2002543 at *2. Accordingly, 
“the Fort Bend County Court improperly held that it lacked jurisdiction over
[appellant’s] claims.” Id. 
4.       County-Court Litigation on Remand through January 21, 2004 Judgment
           After our May 3, 2003 opinion issued, appellant continued the county-court
litigation on remand. Having previously filed the trespass-to-try-title action and
related claims in the trial court, appellant proceeded in county court solely on the
determination-of-heirship proceeding. The county court tried appellant’s application
to determine his father’s heirship on December 16, 2002 and, on January 21, 2003,
signed an amended judgment that disposed of the disputed property and awarded
appellant 100% of his father’s real and personal property. 
5.       Trial-Court Litigation through February 27, 2004 Dismissal with
Prejudice

          On November 12, 2003, while appellant’s county-court litigation was
proceeding, but not yet tried, Albro filed a motion in the trial court in which he 
requested that the trespass-to-try title action and pending claims be transferred to the
county court because the two matters referred to in his earlier motion to abate had
been resolved: specifically, appellant had succeeded in his appeal of the county-court
dismissal, and his suit to reopen the 1981 probate case in Wharton County had been
dismissed. Albro further stated that the county court had “jurisdiction to hear and
resolve all matters involved in these pending proceedings with one trial.” 
          On November 25, the trial court reset Albro’s motion to transfer to December
15, 2003. This date was one day before the trial date set for appellant’s county-court
case. On December 12, 2003, however, Albro filed a “Motion to Pass Scheduled
Hearing.” In this motion, Albro alleged that he and appellant had “agreed to proceed
with” the heirship determination in county-court “without the requested transfer of
the case.” 
          On February 5, 2004, after the county-court litigation had proceeded to
judgment, Albro moved to dismiss the pending litigation in the trial court on the
grounds that the county-court judgment had left “nothing . . . to litigate.” Albro
argued that the parties had resolved claims of title “to the same land” in the probate
litigation in county court, which awarded “title to the same land.” Albro’s motion did
not address appellant’s related claims of fraud and attorney misconduct.
          One week later, on February 12, 2004, Albro filed an additional motion to
dismiss appellant’s lawsuit. In this motion, Albro argued, for the first time, that
dismissal was appropriate because the county court, which had already rendered
judgment, had “dominant jurisdiction” over appellant’s lawsuit. On February 27,
2004, the trial court granted the motion and ordered appellant’s cause of action
“dismissed with prejudice.” The trial court’s order states that Albro’s motion “should
be granted” because (1) the trial court and the county court had “concurrent
jurisdiction,” (2) the county-court action was filed first, and (3) the county court had
“dominant jurisdiction.” Although nothing in the record before us shows that Albro
requested dismissal “with prejudice,” the trial court nonetheless rendered that ruling. 
6.Summary of Albro’s Contentions in the Trial Court 
          Until the trial court dismissed appellant’s claims with prejudice, Albro took the
following positions, through the following filings, with respect to appellant’s
trespass-to-try-title action and its related claims for fraud and attorney misconduct:
(1) General Denial on the Merits: May 20, 2002.
 
(2) Motion to Abate: On June 25, 2002, Albro moved to abate the litigation
pending outcome of (a) appellant’s challenge to the county-court’s dismissal
and (b) appellant’s petition to reopen the 1981 probate case in Wharton
County. 
 
(3) Motion to Transfer to County Court: On November 12, 2003, after this
Court issued its May 1, 2003 opinion, but before the county court tried the
heirship determination, Albro moved to transfer appellant’s claims to the
county court, which, Albro contended, had “jurisdiction to hear and resolve all
matters involved in these pending proceedings with one trial.” Albro also
stated that appellant’s claims to reopen the 1981 probate in Wharton County
had been dismissed . A hearing was set on this motion for December 15, 2003,
the day before the county-court trial setting.
 
(4) Motion to Pass [December 15, 2003 Hearing on Motion to Transfer to
County Court]: Three days before the hearing set for the motion to transfer,
Albro moved to pass the hearing on the grounds that he and appellant had
“agreed to proceed with” the heirship determination in county court “without
the requested transfer of the case”and thus without transfer of appellant’s
trespass-to-try-title claims and related claims for fraud and misconduct; 
 
(5) Motion to Dismiss on the Merits: On February 5, 2004, after the county
court issued its January 21, 2003 judgment, Albro moved to dismiss appellant’s
claims on the grounds that the county-court probate litigation had resolved title
and left “nothing . . . to litigate.” 
 
(6) Motion to Dismiss—Dominant Jurisdiction: On February 12, 2004,
Albro amended the motion to dismiss by claiming that the county court had
dominant jurisdiction over all of appellant’s claims.

Dominant “Jurisdiction”: Subject-Matter Jurisdiction or Venue?
          In his first issue for review, appellant contends that the trial court erred by
dismissing the case with prejudice on dominant-jurisdiction grounds because the
ruling precludes any trial of appellant’s fraud and misconduct claims in the heirship
proceeding. Analysis of appellant’s issue requires that we distinguish between
subject-matter jurisdiction in the trial court and venue in the trial court. 
A.      Whether the Trial Court Had Subject-Matter Jurisdiction
          Appellant’s claims in the trial court include an action for trespass-to-try title
and claims for fraud and attorney misconduct that relate to the title issue. An action
in trespass-to-try-title, or to quiet title, is a procedure by which rival claims to title or
right of possession to real property may be adjudicated. See Martin v. Amerman, 133
S.W.3d 262, 265 (Tex. 2004); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 755,
(Tex. 2003). 
          As a district court, the trial court has general, subject-matter jurisdiction over
suits involving title to land. See Tex. Const. art. V, § 8 (district court has exclusive,
original jurisdiction of “all actions, proceedings, and remedies,” except when the
constitution or other law confers jurisdiction on some other court); Tex. Gov’t Code
Ann. § 24.007 (Vernon 2000) (“The district court has the jurisdiction provided by
Article V, Section 8 of the Texas Constitution.”); Tex. Prop. Code Ann. §
22.001–.045) (Vernon 2000) (governing trespass-to-try-title actions); Doggett v.
Nitschke, 498 S.W.2d 339, 339 (Tex. 1973).


 The broad grant of jurisdiction in article
V, section 8 of the constitution likewise encompasses jurisdiction in the trial court
over appellant’s fraud and misconduct claims. 
          We therefore hold that the trial court, as a district court of general jurisdiction,
had subject-matter jurisdiction over appellant’s action in trespass-to-try title and his
related claims for fraud and attorney misconduct. We next address the implications
of that conclusion.
 

B.      Subject-Matter Jurisdiction 
          “Jurisdiction” refers to the power of a court, under the Constitution and laws,
to determine the merits of an action between parties and to render a judgment. See
Reliant Energy, Inc. v. Gonzalez, 102 S.W.3d 868, 871 (Tex. App.—Houston [1st
Dist.] 2003), aff’d, 159 S.W.3d 615 (Tex. 2005) (citing Nat’l Life Co. v. Rice, 167
S.W.2d 1021, 1024 (Tex. 1943)). Subject-matter jurisdiction refers to the court’s
power to hear a particular type of suit. CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex.
1996). Subject-matter jurisdiction “‘exists by operation of law only, and cannot be
conferred upon any court by consent or waiver.’” Dubai Petroleum Co. v. Kazi, 12
S.W.3d 71, 76 (Tex. 2000) (quoting Fed. Underwriters Exch. v. Pugh, 174 S.W.2d
598, 600 (1943)); see also Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 443-44 (Tex. 1993) (stating that subject-matter jurisdiction requires that party
bringing suit have standing, that controversy between parties be live, and that case
be justiciable); Saudi v. Brieven, 176 S.W.3d 108, 113 (Tex. App.–Houston [1st Dist.]
2004, no pet.) (further rejecting estoppel as permissible basis for subject-matter
jurisdiction). 
          Because lack of jurisdiction over the subject matter renders any judgment that
a court may render void, a court without subject-matter jurisdiction has no choice but
to dismiss. See State v. Morales, 869 S.W.2d 941, 949 (Tex. 1994); State ex rel. Latty
v. Owens, 907 S.W.2d 484, 485 (Tex. 1995); Tex. Ass’n of Bus., 852 S.W.2d at 446;
see also Saudi, 176 S.W.3d at 113; Tourneau Houston, Inc. v. Harris County
Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.)
(citing Fed. Underwriters Exch. v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943)) (holding
that lack of subject-matter jurisdiction is fundamental error that appellate court may
properly raise and recognize sua sponte). 
          In this case, the trial court’s dismissal of appellant’s cause with prejudice is
premised in part on the court’s conclusion that the county court had “dominant
jurisdiction” over appellant’s title dispute. As addressed above, the trial court had
subject-matter jurisdiction over this dispute. To any extent, therefore, that the trial
court may have equated “dominant jurisdiction” in the county court with a lack of
“subject-matter jurisdiction” in the trial court, the trial court erred. As we explain
below, the doctrine of dominant jurisdiction pertains to venue and not to subject-matter jurisdiction.
C.      “Dominant” Jurisdiction: A Venue Doctrine
          1.       Dominant Jurisdiction Defined
          Dominant jurisdiction applies when venue is proper in two or more Texas
counties or courts. Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 622 (Tex.
2005); Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988); see also
Perry v. Del Rio, 66 S.W.3d 239, 252 (Tex. 2001) (applying ripeness doctrine to
resolve issue of four competing venues); Ford Motor Co., 914 S.W.2d at 136
(competing courts of appeals). Dominant jurisdiction recognizes “the plaintiff’s
privilege to choose the forum” and accepts that choice as correct, provided “the forum
is a proper one.” Gonzalez, 159 S.W.3d at 622; Wyatt, 760 S.W.2d at 248; see
Cleveland v. Ward, 285 S.W. 1063, 1070 (1926) (orig. proceeding), disapproved on
other grounds, Walker v. Packer, 827 S.W.2d 833, 843 (Tex.1992) (orig. proceeding). 
Thus, “the court in which suit is first filed generally acquires dominant jurisdiction
to the exclusion of other courts if venue is proper in the county in which suit was first
filed.” Gonzalez, 622 S.W.3d at 622 (emphasis in original) (citing Wyatt, 760 S.W.2d
at 248); see Cleveland, 285 S.W. at 1069–70. 
          2.       Venue is Not Jurisdictional



          Jurisdiction and venue are not synonymous. State v. Pounds, 525 S.W.2d 547,
550 (Tex. Civ. App.—Amarillo 1975, writ ref’d n.r.e.). “Venue” refers to the
propriety of prosecuting, in a particular form, a suit on a given subject matter with
specific parties, over which the forum must, necessarily, have subject-matter
jurisdiction. See id; Reliant Energy, Inc., 102 S.W.3d at 871; Nat’l Life Co. v. Rice,
167 S.W.2d at 1025; see also Herring v. Welborn, 27 S.W.3d 132, 140–41 (Tex.
App.—San Antonio 2000, pet. denied) (holding that issue of subject-matter
jurisdiction “trumps” venue provisions of Civil Practice and Remedies Code). Venue
may and generally does refer to a particular county, Reliant Energy, Inc., 102 S.W.3d
at 871, Nat’l Life Co., 167 S.W.2d at 1024–25, but may also refer to a particular
court. See Miles v. Ford Motor Co., 914 S.W.2d 135, 138 (Tex. 1995) (applying
venue principles governing doctrine of dominant jurisdiction to deny motion to
transfer appeal first filed and pending in San Antonio Court of Appeals to later-filed
appeal pending before Austin Court of Appeals).
          Venue pertains solely to where a suit may be brought and is a different question
from whether the court has “‘jurisdiction of the property or thing in controversy.’” 
Nat’l Life Co., 167 S.W.2d at 1024; see Herring, 27 S.W.3d at 140–41. The transfer
of a case from one court to another, therefore, “pertains to venue, not jurisdiction.” 
Gonzalez, 159 S.W.3d at 622; see also Nat’l Life Co., 167 S.W.2d at 1024–25
(holding that facts required to show “venue” under venue statute “have no necessary
interrelation” with facts required to establish “jurisdiction”). 
          Moreover, unlike subject-matter jurisdiction, which may be challenged at any
time, see Saudi, 176 S.W.3d at 113, venue may be waived if not challenged in due
order and on a timely basis. Tex. R. Civ. P. 86(1); see Massey v. Columbus State
Bank, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); see
also Herring, 27 S.W.3d at 141 (holding that venue provisions of Civil Practice and
Remedies Code are not jurisdictional and may be waived); Sutton v. State Bar of Tex.,
750 S.W.2d 853, 855 (Tex. App.—El Paso 1988, writ denied) (holding that party
waived venue challenge by filing general denial before challenging venue). Because
it may be waived, venue is not “jurisdictional.” See Herring, 27 S.W.3d at 141;
Massey, 35 S.W.3d at 700.
Dominant Jurisdiction in County Court Waived
          Rule 86 of the Rules of Civil Procedure governs motions to transfer venue. 
Tex. R. Civ. P. 86(1). Rule 86(1) specifies that a party waives any objection to
improper venue if the objection is “not made by written motion filed prior to or
concurrently with any other plea, pleading or motion except a special appearance
motion provided for in Rule 120a.” Id.; see Sutton, 750 S.W.2d at 855; Massey, 35
S.W.3d at 700; Herring, 27 S.W.3d at 141. Rule 86(1) demands a due order of
pleading to prevent the court from proceeding on “matters related to the merits”
before determining whether venue is proper. Glover v. Moser, 930 S.W.2d 940, 941
(Tex. App.—Beaumont 1996, writ denied). The first pleading that Albro filed in this
case was his general denial. Albro did not move to abate the trial-court cause until 
over a month after he filed his general denial. Moreover, Albro moved only to
abate—pending the outcome of appellant’s appeal of the county-court dismissal and
his petition to reopen the 1981 Wharton-County probate case. Albro’s motion to
abate does not refer to venue or dominant jurisdiction in any respect. For over a year
and a half, from May 20, 2002 until November 12, 2003, therefore, Albro limited his
position in the trial court to denying appellant’s claims on their merits. 
          Because dominant jurisdiction concerns venue, by filing a general denial to
appellant’s petition and, moreover, maintaining that position while the case was
pending in the trial court for one and one-half years, the rationale supporting rule
86(1) waiver, as stated in Glover, 930 S.W.2d at 944, compels the conclusion that
Albro waived any right he may have had to transfer appellant’s claims to the county
court.
          In addition to the specific provisions of rule 86(1) for waiver of venue, well-settled dominant-jurisdiction precedents also recognize factors that will bar a party’s
reliance on the doctrine that Albro contends controls this case. These factors include
(1) conduct by a party that estops him from asserting prior, active jurisdiction; (2)
lack of persons to be joined if feasible, or the power to bring them before the court;
and (3) lack of intent to prosecute the first lawsuit. Wyatt, 760 S.W.2d at 248 (citing
Cleveland, 285 S.W. at 1070). The first factor controls here to bar Albro’s contention
that dominant-jurisdiction principles mandated dismissal of appellant’s claims. 
          After permitting venue to proceed on the merits in the trial court, and only after 
this Court issued its May 1, 2003 opinion reversing the county-court dismissal, Albro
moved to transfer the trial-court cause to the county court. Albro did not assert
dominant jurisdiction in the county court, but merely contended that the county court
had jurisdiction and could resolve all pending matters in a single trial. Albro’s
motion did not state any basis for his assertion. Likewise, Albro did not contest the
trial court’s subject-matter jurisdiction or refer, in any respect, to venue principles. 
Although it is not clear from the record when Albro set the hearing on his motion to
transfer, the record reflects that the motion was reset for December 15, 2003, which
was one day before the trial date for appellant’s county-court litigation. 
          On December 15, 2003, however, Albro filed a “motion to pass” the hearing
set that day on his motion to transfer. The reason stated was to permit the heirship
determination to proceed in county court “without the requested transfer” of the trial-court action. Given that it was undisputed that the county-court litigation would then
proceed, at that point in the trial-court litigation, Albro affirmatively waived any right
he may have had to transfer appellant’s claims to the county-court. See Motor
Vehicle Bd. v. El Paso Indep. Auto Dealers Ass’n, 1 S.W.3d 108, 111–112 (Tex.
1999) (referring to waiver as voluntary relinquishment of a known right). 
          Despite having abandoned the transfer on the eve of the trial in county-court
and only after that litigation was tried to judgment, Albro took two additional, yet
conflicting, positions. In his February 5, 2004 motion to dismiss, Albro maintained
that dismissal was proper because the county court’s adjudication left “nothing . . .
to litigate.” One week later, however, Albro stated, for the first time, that the county
court, in which the litigation had ended, had “dominant jurisdiction.” 
          In addition to relinquishing any right he may have had under rule 86, we further
hold, based on the circumstances demonstrated by the record, as outlined above,
which include Albro’s abandoning his request to transfer to permit the county-court
litigation to proceed, only to claim, after that litigation ended, that it left nothing to
litigate, as well as his delay in asserting dominant-jurisdiction principles, that Albro
was estopped to contend assert any right he may have had to contend that the county
court was the proper venue for appellant’s claims. 
          We next address the propriety of the trial court’s having disposed of appellant’s
claims by dismissal with prejudice.
No Dismissal with Prejudice on Claim of Dominant Jurisdiction 
          When a forum in which venue is proper yields to another forum pursuant to the
doctrine of dominant jurisdiction, the action of the yielding forum is “based on the
principles of comity, convenience, and the need for an orderly procedure in the trial
of contested issues.” Perry, 66 S.W.3d at 252 (Tex. 2001); Wyatt, 760 S.W.2d at 248;
Reliant Energy, Inc., 102 S.W.3d at 888 (citing Wyatt, 760 S.W.2d at 248). 
          Perry and Wyatt instruct that a court properly disposes of a motion premised
on dominant jurisdiction by abating the cause to permit the court of dominant
jurisdiction to proceed. See Perry, 66 S.W.3d at 252; Wyatt, 760 S.W.2d 247–48. In
Miles, however, the supreme court also sanctioned dismissal of the cause by the
yielding court to permit the court with dominant jurisdiction to proceed. See Miles,
914 S.W.2d at 139 (citing Mower v. Boyer, 811 S.W.2d 560, 563 (Tex. 1991), Curtis
v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974)), and Cleveland v. Ward,, 285 S.W. 1063,
1070 (1926)).


 Relying on these latter precedents, some courts have held that a court
must dismiss a pending cause in order to permit the court of dominant jurisdiction to
proceed. See Goodwin v. Kent, 745 S.W.2d 466, 469–70 (Tex. App.—Tyler 1988)
(orig. proceeding) (following Curtis precedent to grant mandamus relief to compel
nondominant court to yield venue to court of dominant jurisdiction) (citing Curtis,
511 S.W.2d at 267). 
          Albro relied on Goodwin in the trial court and defends the trial court’s ruling
before this Court based on Goodwin. Goodwin, like Curtis, was an original
proceeding for writ of mandamus in which the Tyler Court of Appeals applied
Curtis’s “first filed” principles of dominant jurisdiction. See id. at 469-70 (citing
Curtis, 511 S.W.2d at 267). Like Curtis, Goodwin involved two competing courts in
different counties, where similar claims were pending. See id. Applying Curtis as
mandamus precedent, the Goodwin court held that the court in which the later-filed
suit was pending “had a clear duty to dismiss” on being apprised of the previously
filed suit and directed that court to vacate its order denying a plea in abatement. 
Goodwin, 745 S.W.2d at 469-70 (citing Curtis, 511 S.W.2d at 267). 
          The dismissal contemplated by Goodwin, therefore, is not a dismissal with
prejudice, as was rendered against appellant here, but a dismissal to permit the first-filed suit, which had remained pending until then, to proceed, as authorized by Curtis. 
See id. In the case before us, there was no first-filed suit that could be permitted to
proceed because that suit had already proceeded to judgment on appellant’s
determination of heirship. By dismissing appellant’s claims with prejudice here, the
trial court summarily disposed of those claims by precluding appellant from ever
reasserting them. See Shepherd v. Ledford, 962 S.W.2d 28, 32–33 (Tex. 1992);
Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991) (noting that dismissal with
prejudice constitutes final adjudication on merits, with full res judicata and collateral
estoppel effect). We know of no authority, and Albro has referred us to none, that
authorizes dismissal of a pending action with prejudice based solely on an assertion
of dominant jurisdiction.
          We sustain appellant’s first issue, and, therefore, his points of error one through
four.
Conclusion

          We reverse the judgment of dismissal with prejudice and remand the cause for
further proceedings.

 
Sherry Radack
                                                   Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.